FRANCIS, Appellant,

v.

SHOWCASE CINEMA EASTGATE et al., Appellees.

[Cite as *Francis v. Showcase Cinema Eastgate,* 155 Ohio App.3d 412, 2003-Ohio-6507.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–030268.

Decided Dec. 5, 2003.

Richard G. Ellison, for appellant.

Frost Brown Todd, L.L.C., Maureen P. Haney and Bill J. Paliobeis, for appellees.

---

HILDEBRANDT, Presiding Judge.

{¶ 1} Plaintiff-appellant, Constance Francis, appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of Showcase Cinema Eastgate and National Amusements, Inc. (collectively, "Showcase") in a negligence action. For the following reasons, we reverse the trial court's judgment and remand the cause for further proceedings.

{¶ 2} Francis was employed by a cleaning company that had contracted with Showcase to clean one of its theaters. As part of her normal duties, Francis was required to remove trash from the theater and place it in a dumpster located in the parking lot. A short flight of stairs led to the opening of the dumpster. The stairs were not equipped with a handrail.

{¶ 3} One night, after depositing the trash in the dumpster, Francis fell and sustained injuries as she was descending the flight of stairs. She brought an action against Showcase, alleging that it had failed to maintain its premises in a reasonably safe condition. In her deposition, Francis testified that she was unable to identify the cause of her fall. But she did state that, had the stairway been equipped with a handrail, she believed she could have prevented the fall.

{¶ 4} Showcase filed a motion for summary judgment, arguing that the lack of a handrail was an open and obvious hazard and that Francis's inability to identify the cause of her fall precluded recovery. Francis responded to the motion with an affidavit from engineer Thomas R. Huston, who stated that the lack of a handrail was unreasonably dangerous and constituted a violation of the Ohio Basic Building Code ("OBBC").

{¶ 5} The trial court granted Showcase's motion for summary judgment. In her two assignments of error, Francis now argues that the trial court erred in granting summary judgment and in holding that the open-and-obvious doctrine precluded recovery. She argues the assignments together, and we address them in the same fashion.

{¶ 6} Pursuant to Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[2] This court reviews the granting of summary judgment de novo.[3]

---

1. See *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189.

2. See *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

3. *Jorg v. Cincinnati Black United Front,* 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6.

{¶ 7} To recover on a claim of negligence, the plaintiff must prove that the defendant owed the plaintiff a duty, that the defendant breached that duty, and that the breach of the duty proximately caused the plaintiff's injury.[4] A premises owner generally owes an invitee a duty of ordinary care to maintain the premises in a reasonably safe condition so that the invitee is not unnecessarily and unreasonably exposed to danger.[5]

{¶ 8} We begin with a discussion of the open-and-obvious doctrine. The Supreme Court of Ohio has recently reaffirmed the principle that a landowner owes no duty to protect an invitee from open and obvious dangers.[6] In emphasizing the continued viability of the doctrine in light of the comparative-negligence statute, the court stated, "We reiterate that when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. * * * [I]t is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff."[7]

{¶ 9} But despite the Ohio Supreme Court's recent pronouncements concerning the open-and-obvious doctrine, the court has also held that violations of the OBBC are evidence that the owner has breached a duty to the invitee. In *Chambers v. St. Mary's School,*[8] the court held that a violation of the OBBC was evidence of negligence, although it did not constitute negligence per se.[9] In stating that an OBBC violation was evidence of negligence, the court indicated that a violation showed both that the defendant had a duty toward the plaintiff and that the defendant breached that duty.[10]

{¶ 10} Thus, while the Supreme Court of Ohio has reaffirmed the principle that a landowner owes no duty to protect an invitee from open and obvious dangers, it has also held that violations of the OBBC are evidence that the owner has breached a duty to the invitee. In this case, Showcase suggests that this court should simply ignore the evidence of the OBBC violation, but we believe it would be improper to do so. To completely disregard the OBBC violation as a nullity

---

4. *Wellman v. E. Ohio Gas Co.* (1953), 160 Ohio St. 103, 51 O.O. 27, 113 N.E.2d 629, paragraph three of the syllabus.

5. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 203, 18 OBR 267, 480 N.E.2d 474. In the case at bar, Showcase does not dispute that Francis was an invitee.

6. *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 13.

7. Id.

8. (1998), 82 Ohio St.3d 563, 697 N.E.2d 198.

9. Id., syllabus.

10. Id. at 565, 697 N.E.2d 198.

under the open-and-obvious doctrine would be to ignore the holding in *Chambers* and to render the provisions of the OBBC without legal significance.[11]  We hold, then, that the evidence of the OBBC violation raised a genuine issue of material fact regarding Showcase's duty and breach of duty, and that summary judgment was improperly granted.[12]

{¶ 11} We turn now to Showcase's argument that Francis's inability to state what caused her fall was fatal to her negligence action.  Showcase cites a number of cases for the proposition that the plaintiff must be able to identify the cause of her fall to prove the defendant's negligence.[13]  And while it is correct that a plaintiff is generally required to state what caused a slip and fall in those cases where the injuries are alleged to have resulted from the defect that *caused* the fall, the central issue in the case at bar was whether a handrail would have prevented the fall or otherwise prevented the injuries that Francis sustained.  Therefore, to the extent that Francis based her claim on the lack of uniformity in the stairs or other defects in the stairs themselves, we hold that her inability to state what caused the fall precluded recovery.  But regarding the handrail, the precise cause of the fall was not critical to the maintenance of the action, and summary judgment based upon the lack of evidence in that regard was erroneous.

{¶ 12} The assignments of error are accordingly sustained.  The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this decision and law.

Judgment accordingly.

GORMAN and WINKLER, JJ., concur.

---

11.  Showcase cites *Tomaselli v. Amser Corp.* (July 20, 2000), 8th Dist. No. 76605, 2000 WL 1010953, for the proposition that the absence of a handrail was open and obvious and that the failure of the defendant to comply with administrative regulations did not give rise to liability. In *Tomaselli*, though, the court emphasized that the Occupational Safety and Health Administration standards at issue related only to employers and did not provide a cause of action for third parties.  As held in *Chambers*, that limitation is not true for violations of the OBBC, and we therefore find *Tomaselli* to be distinguishable.

12.  We note that Showcase has not challenged Francis's contention that the absence of a handrail was a violation of the OBBC.

13.  See, e.g., *Stamper v. Middletown Hosp. Assn.* (1989), 65 Ohio App.3d 65, 582 N.E.2d 1040; *Cleveland Athletic Assn. v. Bending* (1934), 129 Ohio St. 152, 1 O.O. 447, 194 N.E. 6.