DECISION
{¶ 1} Plaintiff-appellant Richard Christen delivered paper goods to defendant-appellee Don Vonderhaar Market Catering. As he made one delivery, Christen slipped and fell down some stairs, injuring his back. He sued Vonderhaar, alleging that its negligent maintenance and repair of the wooden stairway created unreasonably dangerous conditions. Christen argued that failing to have slip-resistant material on ordinary painted-wood stair treads was a violation of ordinary care, OSHA regulations, and the Ohio Basic Building Code ("OBBC"). Vonderhaar retorted that Christen did not know whether he slipped or tripped, and that since he could not prove by a preponderance of the evidence that he did slip, summary judgment was appropriate. The trial court granted summary judgment on that basis.
 {¶ 2} Because violations of the Ohio Basic Building Code are evidence of negligence and raised a genuine issue of material fact in this case regarding Vonderhaar's duty and breach of duty, summary judgment was improperly granted. We reverse.
 I. A Slip and Fall on Wet, Wooden Steps {¶ 3} Christen worked for Ricking Paper Specialty Company as a delivery driver. He had delivered paper products weekly to Vonderhaar Market Catering for a year before the accident. Typically, Christen entered Vonderhaar's store through the back door and pulled a two-wheeled handcart loaded with boxes. He pulled the handcart through a hallway and up the steps to a second-floor storage area. The step treads were wooden and covered with regular paint, not with any slip-resistant material. The hallway through which Christen passed had an ice machine.
 {¶ 4} Vonderhaar allowed delivery persons the option of ascending the stairway by either (1) pulling the handcart loaded with products up the stairs or (2) leaving the handcart at the bottom of the stairs and carrying each box up the stairs by hand. Since Christen believed that the majority of suppliers made their deliveries by walking backwards up the stairs, he did the same. There was a handrail, but he did not use it for support because he had to use both hands to pull the handcart up the stairs.
 {¶ 5} On August 4, 2005, Christen entered Vonderhaar's store as he normally did, passing through the double doors, down the hallway, to the stairs. There was water on the cement floor in front of the ice machine. Christen walked through the water and then ascended the stairs backwards, pulling the handcart up the stairs one step at a time. When he reached the sixth or seventh step, his feet slid out from under him and he fell. Christen hit his lower back on a stair and slid down two or three steps.
 {¶ 6} After the fall, Christen was unable to move, as his legs were numb and there were sharp stabbing pains in his lower back. Due to the ongoing pain, he has had two surgeries and subsequent physical therapy. Despite these procedures, Christen remains on temporary total disability from the back injury.
 II. Summary-Judgment Standard {¶ 7} We review summary-judgment determinations de novo, without deference to the trial court's ruling.[1] Summary judgment should be granted only when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can only come to a conclusion adverse to the nonmoving party, when viewing the evidence in the light most favorable to the nonmoving party.[2] A party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[3]
 III. Negligence in a Slip-and-Fall Case {¶ 8} To recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury.[4]
Generally, a duty may be established either through the common law, legislative enactment, or the particular facts and circumstances of a case.[5]
 {¶ 9} In the present case, we are dealing with the duty of a premises owner in relation to a delivery person. Because a delivery person is a business invitee, a premises owner owes a duty of ordinary care so that the invitee is not unnecessarily and unreasonably exposed to danger.[6] But premises owners are not insurers of the safety of invitees, and their duty is only to exercise reasonable care for an invitee's protection.[7] The premises owner does have the duty to warn its invitees of latent or hidden dangers.[8]
 {¶ 10} Thus, premises owners owe the duty of ordinary and reasonable care for the safety of their business invitees and are required to keep their premises in a reasonably safe condition. The burden of producing sufficient proof that an owner has failed to take safeguards that a reasonable person would take under the same or similar circumstances falls upon the invitee.[9]
 {¶ 11} The Ohio Supreme Court has held that a violation of the OBBC, a set of administrative rules, is not negligence per se.[10] In Chambers v. St. Mary's School, the court held that negligence per se occurs when there is a violation of a specific requirement of a law or ordinance, and the only fact for determination by the jury is the commission or omission of a specific act.[11] The court decided that negligence per se is more appropriate for "legislative enactments" from elected officials. Because administrative agencies do not have accountability that is similar to that for members of the General Assembly, violations of administrative rules are not afforded negligence-per-se status.[12] But the court did hold that a violation of an administrative rule may be admissible as evidence of negligence.[13]
 {¶ 12} We have held that evidence of an OBBC violation raised a genuine issue of material fact regarding a premises owner's duty and breach of duty.[14] In Francis v. ShowcaseCinemas, a cleaning-company employee was required to remove the trash from the cinema and place it in a dumpster. There was a short flight of stairs that led to the opening of the dumpster. The employee fell one night while trying to descend the stairs from the dumpster.[15] In bringing the lawsuit, the employee alleged that Showcase had failed to maintain its premises in a reasonably safe condition by failing to have a handrail on the stairway. The employee asserted that if the stairway had been equipped with a handrail, as required by the OBBC, she could have prevented her fall.[16] We reversed the trial court's grant of summary judgment. We held that despite the fact that the plaintiff could not state the precise cause of her fall, the OBBC violation of failing to have a handrail raised a genuine issue of material fact.[17]
 IV. Subsequent Affidavits {¶ 13} We have previously held, "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of any material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."[18] The logic behind this rule is based upon the lack of credibility inherent in a conflicting affidavit and the notion that a party should not be allowed to create its own issues of material fact.[19]
 {¶ 14} We have also held that the later affidavit must explain inaccurate deposition testimony or reveal newly discovered evidence to be considered.[20] In a later case, we held that an affidavit does not contradict a deposition if it supplements the earlier testimony.[21]
 {¶ 15} In this case, if Christen's affidavit explained, supplemented, or clarified his earlier deposition, then it was not in conflict with his deposition. If the affidavit did not conflict, then it could be considered to create genuine issues of material fact sufficient to defeat a summary-judgment motion.
 {¶ 16} Christen's subsequently filed affidavit stated that he had slipped on the stairs and fell, and that he had not missed a step with his foot. His attempt at clarifying his previous testimony did not conflict and could be considered to determine whether genuine issues of material fact were sufficient to defeat a summary-judgment motion.
 V. Summary Judgment was not Appropriate {¶ 17} In the present case, we have a factual situation not all that different from Francis. The trial court granted summary judgment to Vonderhaar Market Catering. Vonderhaar asserted that because Christen did not know whether he had slipped or tripped, and since he could not prove by a preponderance of the evidence that he did slip, summary judgment was appropriate. Vonderhaar's argument essentially posited that because Christen could not say why he slipped, having non-slip surfaces would have not prevented his fall.
 {¶ 18} As we pointed out in Francis, an OBBC violation raises sufficient evidence of negligence to preclude summary judgment even if the plaintiff cannot point to the specific cause of the slip. "And while it is correct that a plaintiff is generally required to state what caused a slip and fall in those cases where the injuries are alleged to have resulted from the defect that caused the fall,"[22] the central issue in this case is whether stair treads with a slip-resistant surface would have prevented the fall and the injuries that Christen sustained.
 {¶ 19} During Christen's deposition, he was asked whether his feet were both stationary on one step prior to the slip, or whether he was in the act of stepping backwards. Christen responded that he did not know. Vonderhaar believed that this answer was a "gotcha." We disagree for exactly the same reason that Christen's engineer, Gary Nelson, provided in his affidavit: "falls occur in a fraction of a second and it is highly unusual for fall victims to see, feel, or recall the precise dynamics of their fall through kinesthetic feedback (the sense that detects bodily position, weight, or movement of the muscles, tendons, and joints)." And more importantly, when viewing the evidence in the light most favorable to the nonmoving party, Christen, we accept the premise of his subsequent affidavit that he slipped on the stairs.
 VII. Genuine Issues of Material Fact {¶ 20} We now turn to whether Christen set forth specific facts showing that there was a genuine issue for trial. Engineer Nelson stated in his affidavit that Vonderhaar had failed to provide premises free of recognized hazards. In so concluding, Nelson stated that ordinary painted wood (without a non-slip additive) was inappropriate as a treatment for stairway treads when Vonderhaar knew that delivery personnel walked backwards up the stairs, pulling handcarts, thereby increasing the horizontal force applied by their feet to the stair treads and thus increasing the need for slip-resistant stair treads. Nelson further stated that Vonderhaar had violated OBBC Section 816.9, OSHA regulations, Section 1910.24(f), Title 29 C.F.R., and ordinary care, because each required stairways to be slip-resistant. Nelson thus concluded that Vonderhaar's violations created an unreasonably dangerous workplace and were the proximate cause of Christen's fall and resulting injuries.
 {¶ 21} Viewing the evidence in the light most favorable to the nonmoving party, we conclude that summary judgment was inappropriate. Because genuine issues of material fact existed in this case — for example, whether delivery persons had to walk through water left on the ground near an ice machine and then walk backwards up steps with no slip-resistant material to make a delivery; and whether the stairs were in violation of OBBC administrative rules — the grant of summary judgment by the trial court was erroneous.
 {¶ 22} Accordingly, we sustain Christen's assignment of error, reverse the trial court's judgment, and remand the case for further proceedings consistent with this decision.
Judgment reversed and cause remanded.
Doan, P.J., and Gorman, J., concur.
[1] See Doe v. Shaffer, 90 Ohio St.3d 388, 2000-Ohio-186,738 N.E.2d 1243.
[2] Civ.R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267.
[3] See Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107, 662 N.E.2d 264.
[4] See Chambers v. St. Mary's School, 82 Ohio St.3d 563,565, 1998-Ohio-184, 697 N.E.2d 198, citing Wellman v. E. OhioGas Co. (1953), 160 Ohio St. 103, 108-109, 113 N.E.2d 629.
[5] Id., citing Eisenhuth v. Moneyhon (1954),161 Ohio St. 367, 119 N.E.2d 440, paragraph one of the syllabus.
[6] See Francis v. Showcase Cinemas, 155 Ohio App.3d 412,2003-Ohio-6507, 801 N.E.2d 535, at ¶ 7, citing Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 480 N.E.2d 474.
[7] See Perry v. Eastgreen Realty Co. (1978),53 Ohio St.2d 51, 52, 372 N.E.2d 335, citing Prosser, Handbook of the Law of Torts (4 Ed. 1971), 392-393.
[8] See Armstrong v. Best Buy Co., 99 Ohio St.3d 79, 80,2003-Ohio-2573; 788 N.E.2d 1088, at ¶ 5, citing Paschal,18 Ohio St.3d at 203, 480 N.E.2d 474.
[9] See Perry, 53 Ohio St.2d at 53, 372 N.E.2d 335.
[10] See Chambers, 82 Ohio St. 3d at 568, 1998-Ohio-184,697 N.E.2d 198.
[11] Id. at 565.
[12] Id. at 566-568.
[13] Id. at 568, citing Stephens v. A-Able Rents. Co. (1995),101 Ohio App.3d 20, 27-28, 654 N.E.2d 1315.
[14] See Francis, 155 Ohio App.3d 412, 2003-Ohio-6507,801 N.E.2d 535, at ¶ 10.
[15] Id. at ¶ 2-3.
[16] Id. at ¶ 3.
[17] Id. at ¶ 10-11.
[18] See Bullock v. Intermodal Transp. Services, Inc. (Aug. 6, 1986), 1st Dist. No. C-850720.
[19] See Lindner v. Am. Natl. Ins. Co., 155 Ohio App.3d 30,2003-Ohio-5394, 798 N.E.2d 1190, at ¶ 14.
[20] Bulluck, supra.
[21] See Harmon v. Belcan Eng. Group, Inc. (1997),119 Ohio App.3d 435, 695 N.E.2d 783, at fn. 3.
[22] Francis, 155 Ohio App.3d 412, 2003-Ohio-6507,801 N.E.2d 535, at ¶ 11.