OPINION
{¶ 1} Plaintiff-appellant, Abbra Walker Ahmad, appeals the decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, AK Steel Corp. We affirm the trial court's decision.
 {¶ 2} Appellant's mother, Sheila Walker ("decedent"), was employed by Johnson Controls, a security company that contracted with appellee to provide security services. She had worked as a security guard at appellee's Middletown headquarters for several years. Around 5:00 p.m. on February 4, 2003, as appellant's decedent left work, she fell down the front stairway outside of the building. There was no handrail along the concrete steps that led up to the building. She was taken to the hospital and diagnosed with a broken left ankle. Less than two weeks later, she died of a pulmonary embolism.
 {¶ 3} Appellant, individually and as special administrator of the estate, brought suit against appellee alleging negligence. Appellee filed a motion for summary judgment. On March 27, 2006, the trial court granted the motion and dismissed the action ruling that appellant failed to establish that appellee owed a duty to decedent. Appellant timely appealed, raising one assignment of error:
 {¶ 4} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 5} Appellant argues in her sole assignment of error that the trial court erred by failing to consider the necessary factors in finding that appellee did not owe a duty, finding that the stairs were open and obvious, and that the violation of a safety regulation does not raise a genuine issue of material fact.
 {¶ 6} We review a trial court's decision granting summary judgment under a de novo standard of review. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Civ.R. 56(C). See, also, Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. In order to establish a claim in negligence, appellant must show that appellee owed decedent a legal duty of care, that this duty was breached, and that this breach proximately caused decedent's injury. Wallace v. Ohio Dept. of Commerce, 96 Ohio St.3d 266,2002-Ohio-4210, ¶ 22. Appellant's failure to prove any element is fatal to the negligence claim. Whiting v. Ohio Dept. of Mental Health (2001),141 Ohio App.3d 198, 202.
 {¶ 7} Appellant argues the trial court did not correctly consider the absence of a handrail along the steps as a violation of the Ohio Building Code ("OBC") and OSHA standards. A review of the record reveals that the trial court did consider the absence of the handrail. The trial court stated for the purposes of its decision that "[t]his court will assume, arguendo, that the lack of stair railings did violate the OBC." The court concluded that even though there was a violation, the absence of the handrail was open and obvious. Decedent was familiar with the stairs and used them regularly for several years. Additionally, appellant offered no evidence regarding the cause of the fall or how decedent fell.
 {¶ 8} Appellant's second issue presented for review is that the trial court erred in ruling that the stairs were open and obvious and, as a result, appellee had no duty to decedent. The open and obvious doctrine concerns the first prong of a negligence claim, the existence of a duty. Where the danger is open and obvious, a property owner owes no duty of care to individuals lawfully on the premises. Armstrong v. Best Buy Co.,Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 14. Open and obvious hazards are not concealed and are discoverable by ordinary inspection.Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50-51. The dangerous condition at issue does not actually have to be observed by the claimant to be an open and obvious condition under the law. Lydic v. Lowe's Cos.,Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, ¶ 10. Rather, the determinative issue is whether the condition is observable. Id.
 {¶ 9} We addressed this issue in Souther v. Preble County DistrictLibrary, West Elkton Branch, Preble App. No. CA2005-04-006,2006-Ohio-1893. In Souther, a library patron fell off a step located inside the library, injuring his hip. Id. at ¶ 3. There was no handrail located along the step. Id. He underwent hip replacement surgery. Id. Approximately six months later decedent died due to an infection from the surgery. Id. The trial court granted summary judgment in favor of the library. Id. at ¶ 4. In affirming the trial court we ruled that an alleged violation of an administrative building code does not prohibit the application of the open and obvious doctrine nor does it preclude summary judgment on a negligence claim. Id. at ¶ 38. "The open and obvious nature of a condition is one of many facts to be considered on summary judgment in a negligence claim." Id. The only difference betweenSouther and the case at bar is that the decedent in Souther was a licensee and the decedent in this case was a business invitee. Id. at ¶ 15. This distinction does not change our analysis.
 {¶ 10} Like Souther, the absence of the handrail in this case was open and obvious. Prior usage alone may not be conclusive as to the knowledge of a hazard, but decedent's knowledge of the steps can be inferred from the fact that she used the staircase for several years prior to the accident as an employee at AK Steel. Id. citing Olivier v. Leaf Vine, Miami App. No. 2004 CA 35, 2005-Ohio-1910.
 {¶ 11} In her final argument, appellant urges us to revisit and overturn our decision in Souther. Citing the split among Ohio jurisdictions on this issue, appellant argues that any violation of a federal or state administrative safety regulation raises a genuine issue of material fact regarding a property owner's duty and breach thereof. See Christen v. Don Vonderhaar Market Catering, Hamilton App. No. C-050125, 2006-Ohio-715; and Uddin v. Embassy Suites Hotel,165 Ohio App.3d 699, 2005-Ohio-6613, certiorari granted, 109 Ohio St.3d 1455,2006-Ohio-2226 (both holding a genuine issue of material fact exists where a safety regulation is violated). See, also, Olivier v. Leaf Vine, Miami App. No. 2004 CA 35, 2005-Ohio-1910; and Ryan v. Guan, Licking App. No. 2003CA00110, 2004-Ohio-4032 (both holding an alleged administrative safety violation does not preclude application of the open and obvious doctrine). We decline to revisit our decision inSouther.
 {¶ 12} In view of the preceding, we conclude that appellant failed to show there were any genuine issues of material fact for trial. Accordingly, the trial court properly granted summary judgment in favor of appellee. Appellant's sole assignment of error is overruled. Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.