Aʜᴍᴀᴅ, Aᴘᴘᴇʟʟᴀɴᴛ, *v.* AK Sᴛᴇᴇʟ Cᴏʀᴘᴏʀᴀᴛɪᴏɴ ᴇᴛ ᴀʟ., Aᴘᴘᴇʟʟᴇᴇꜱ.

[Cite as *Ahmad v. AK Steel Corp.*, 119
Ohio St.3d 1210, 2008-Ohio-4082.]

(Nos. 2007–0288 and 2007–0410—Submitted January
23, 2008—Decided August 19, 2008.)

{¶ 1} The causes are dismissed, sua sponte, as having been improvidently certified and accepted.

Mᴏʏᴇʀ, C.J., and Pꜰᴇɪꜰᴇʀ, O'Cᴏɴɴᴏʀ, Lᴀɴᴢɪɴɢᴇʀ, and Cᴜᴘᴘ, JJ., concur.

Lᴜɴᴅʙᴇʀɢ Sᴛʀᴀᴛᴛᴏɴ and O'Dᴏɴɴᴇʟʟ, JJ., dissent. ·

O'Cᴏɴɴᴏʀ, J., concurring.

{¶ 2} I concur in the decision to dismiss the discretionary appeal as having been improvidently accepted and the certified conflict as having been improvidently recognized. I write separately to respond to the dissent's contention that we should answer the question of what effect, if any, a violation of an administrative rule has on the open-and-obvious-hazard doctrine in this specific case.

{¶ 3} A hallmark of judicial restraint is to rule only on those cases that present an actual controversy. To do otherwise—to simply answer a hypothetical question merely for the sake of answering it—would make this court nothing more than an advisory board. Thus, because we do not provide advisory opinions, *Cascioli v. Cent. Mut. Ins. Co.* (1983), 4 Ohio St.3d 179, 183, 4 OBR 457, 448 N.E.2d 126, the dismissal of this case is proper because there is no evidence of a building-code violation.

{¶ 4} As the trial court recognized when it "assume[d], *arguendo,* that the lack of stair railings did violate the OBC [Ohio Building Code]" (emphasis added), the record is completely devoid of any evidence of building-code violations. On the contrary, the record includes evidence provided by AK Steel's expert that "[t]here is no regulation, statute or law that indicates that the steps on which [the decedent] fell should be equipped with a handrail."

{¶ 5} In addition, the Occupational Safety and Health Administration ("OSHA") citation initially issued to AK Steel pertained to the two top sets of stairs but was amended to include only a citation for the top set of stairs, which were not the set of stairs upon which the decedent fell. Furthermore, Ahmad's

expert (whose affidavit was submitted after the close of discovery and after Ahmad failed to disclose any potential experts) never expressed the opinion that there was any OSHA violation.[1]  His affidavit, which simply described how the term "riser" is generally used in the field of architecture and construction, did not provide probative evidence that there was, in fact, an OSHA violation.

{¶ 6} Moreover, there is no evidence to establish the alleged violation of the Ohio Building Code ("OBC").  Beyond Ahmad's conclusory statement that AK Steel violated OBC 1003.3.11, there is nothing to support the conclusion that this section of the code applies to AK Steel and the facts of this case.  Ahmad's mere assertion that there is a code violation fails to create a genuine issue of material fact sufficient to survive summary judgment.[2]  In the absence of any proof that there was noncompliance, it is presumed that AK Steel complied with the building code.  Cf. *Zimmerman v. St. Peter's Catholic Church* (1993), 87 Ohio App.3d 752, 760, 622 N.E.2d 1184.

{¶ 7} In light of the complete lack of evidence of any code violation,[3] this appeal presents nothing more than a garden-variety open-and-obvious-hazard case that is neither of substantial constitutional import nor of public or great general interest.  Because there are no genuine issues of material fact regarding the alleged code violations, the majority has rightfully concluded that we should not reach the question of what effect a code violation has on the open-and-obvious-hazard doctrine.

{¶ 8} The dissent is correct that this is an important issue.  It is an issue that involves competing public policies that affect the safety and well-being of Ohio's citizens.  In *Uddin v. Embassy Suites Hotel*, 113 Ohio St.3d 1249, 2007-Ohio-1791, 864 N.E.2d 638, we declined to "address how a possible violation of the Ohio Administrative Code affects the analysis governing the open-and-obvious doctrine," id. at ¶ 15 (O'Connor, J., dissenting), but here, the dissenter would answer that critical question in a case in which there is not a scintilla of evidence that a code violation occurred.  There is no wisdom or common sense in doing so.

{¶ 9} Therefore, I concur in the decision to dismiss the discretionary appeal as having been improvidently accepted and the certified conflict as having been improvidently recognized.

MOYER, C.J., and PFEIFER and LANZINGER, JJ., concur in the foregoing opinion.

---

1.  Tellingly, the expert did not rely on the OSHA regulations in his affidavit.

2.  The first time Ahmad raised this argument was in her brief in opposition to summary judgment.

3.  It should be noted as well that the dissent's opinion lacks any discussion regarding the evidence of the alleged violation.  Instead, the dissent simply cites the pertinent code sections and presumes there is a violation.

O'DONNELL, J., dissenting.

{¶ 10} Respectfully, I dissent from the decision of the majority to dismiss these cases as having been improvidently certified and accepted.

{¶ 11} The appellate court here certified its judgment as being in conflict with decisions from the First and Tenth Appellate Districts, and we independently determined that a conflict exists on the following legal issue: Does a violation of an administrative building code prohibit application of the open-and-obvious doctrine and preclude summary judgment on a negligence claim? That issue is an important and recurring one, and this court has previously dismissed another case presenting virtually the same issue: *Uddin v. Embassy Suites Hotel*, 165 Ohio App.3d 699, 2005-Ohio-6613, 848 N.E.2d 519, dismissed as having been improvidently accepted, 113 Ohio St.3d 1249, 2007-Ohio-1791, 864 N.E.2d 638.

{¶ 12} In addition, this case would have afforded this court an opportunity to clarify our holding in *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 697 N.E.2d 198, which has been cited in connection with cases involving violations of administrative regulations.

{¶ 13} The bench and bar should reasonably expect a decision on this issue, and no legitimate reason exists not to decide this case. More than two years have passed since we accepted review of the issue in *Uddin*, and we have kept the instant matter pending for more than 18 months. In my view, we have a duty to decide the legal issue.

{¶ 14} Here, Abbra Walker Ahmad, individually and as special administrator of the estate of Sheila A. Walker, appeals from a Butler County Court of Appeals decision that affirmed the trial court's order granting summary judgment to AK Steel Corporation based on the open-and-obvious doctrine in this negligence action. The court of appeals held that AK Steel's alleged violation of an Ohio Building Code provision was open and obvious, thereby precluding recovery in this suit for damages sustained when Ahmad's mother, Sheila Walker, fell on the concrete staircase leading up to the main entrance of its corporate offices. For the following reasons, I would affirm the judgment of the court of appeals.

{¶ 15} Sheila Walker, an employee of Johnson Controls, worked as a security officer at AK Steel Corporation's Middletown, Ohio headquarters for several years. On February 4, 2003, she fractured her right ankle when she fell on the concrete steps at the front of the company headquarters as she was leaving the building. Thirteen days later, she died from a pulmonary embolism, which Ahmad claims originated at the site of the fracture.

{¶ 16} Her daughter, Ahmad, individually and as administrator of the estate, filed this action against AK Steel alleging "[p]ersistent failure and refusal to install handrails" in maintaining the front steps to the corporate offices, which

she claimed proximately caused the injury to her mother. In her memorandum opposing AK Steel's motion for summary judgment, Ahmad argued that Section 1910.23(d)(1), Title 29, C.F.R., a safety standard for general industry promulgated by the Occupational Health and Safety Administration, required that "[e]very flight of stairs having four or more risers shall be equipped with standard stair railings or standard handrails * * *." She also cited Section 1009.10 of the Ohio Building Code ("OBC"), which provides that "[s]tairways shall have handrails on each side." See also 2002 OBC 1003.3.3.11. Ahmad claimed that the existence of a building-code violation constituted evidence of negligence or negligence per se and urged that the open-and-obvious doctrine did not apply when the hazard violates the building code.

{¶ 17} AK Steel moved for summary judgment, contending that Ahmad had presented no evidence of negligence and that the staircase constituted an open and obvious hazard. The trial court, concluding that Walker "had traveled up and down the steps without incident for the last several years while she was employed" and that she "was familiar with the steps and the absence of a handrail," determined the absence of a handrail to be an open and obvious hazard and therefore ruled that AK Steel owed no duty to warn Walker of the hazard.

{¶ 18} The appellate court, citing its decision in *Souther v. Preble Cty. Dist. Library,* Preble App. No. CA2005–04–006, 2006-Ohio-1893, 2006 WL 998188, affirmed and stated that "the absence of the handrail in this case was open and obvious"; it also stated that decedent's "knowledge of the steps can be inferred from the fact that she used the staircase for several years prior to the accident as an employee at AK Steel." *Ahmad v. AK Steel Corp.,* Butler App. No. CA2006–04–089, 2006-Ohio-7031, 2006 WL 3833873, ¶ 10.

{¶ 19} The appellate court certified its judgment as being in conflict with the First District Court of Appeals' decisions in *Christen v. Don Vonderhaar Market & Catering, Inc.,* Hamilton App. No. C–050125, 2006-Ohio-715, 2006 WL 367107, and *Francis v. Showcase Cinema Eastgate,* 155 Ohio App.3d 412, 2003-Ohio-6507, 801 N.E.2d 535, and the Tenth District Court of Appeals' decision in *Uddin v. Embassy Suites Hotel,* 165 Ohio App.3d 699, 2005-Ohio-6613, 848 N.E.2d 519, on the issue "whether the violation of an administrative building code prohibits application of the open and obvious doctrine and precludes summary judgment on a negligence claim."

{¶ 20} We determined that a conflict exists, accepted Ahmad's discretionary appeal, and consolidated those cases for review. For the reasons that follow, I would affirm the judgment of the court of appeals and resolve the conflict by holding that when a hazardous condition is open and obvious, the owner of property owes no duty to warn persons on the premises of the hazard, even if the hazard violates the Ohio Building Code.

{¶ 21} The specific issue presented in this appeal is whether the open-and-obvious doctrine can be applied to cases in which the negligence is evidenced by violation of an administrative rule. Appellate courts throughout Ohio have reached different outcomes regarding whether the violation of an administrative rule prohibits application of the open-and-obvious doctrine, thereby precluding a court from granting summary judgment on a claim involving such a violation.

### The Open and Obvious Doctrine

{¶ 22} To establish a prima facie case of negligence, a claimant has the burden to prove the existence of a duty, a breach of that duty, and that the breach proximately caused the injury or damage. *Menifee v. Ohio Welding Prods., Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 472 N.E.2d 707.

{¶ 23} The open-and-obvious doctrine relates only to the duty element of a negligence claim. When hazardous conditions are open and obvious, property owners owe no duty to protect invitees from the dangers because they are "known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraph one of the syllabus. When this doctrine applies, it "obviates the duty to warn and acts as a complete bar to any negligence claims" because " 'the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.' " *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5, quoting *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504.

{¶ 24} In *Armstrong,* after reaffirming that the open-and-obvious doctrine had not been abrogated by the enactment of the comparative-negligence statute, the court stated, "[W]hen courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty." 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13. The court went on to hold that "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Id. at syllabus, citing *Sidle,* 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589.

{¶ 25} An open and obvious danger or hazard is, by definition, neither latent nor concealed and is discoverable upon ordinary inspection. See *Aycock v. Sandy Valley Church of God,* Tuscarawas App. No. 2006 AP 09 0054, 2008-Ohio-105, 2008 WL 115829, ¶ 23. But such a danger or hazard does not need to have been observed by the injured party in order to be obvious. The question presented is whether a reasonable person would have found the danger or condition of the property open and obvious. Id.

{¶ 26} Ahmad argues here that the lack of a handrail on the staircase is a building code violation and establishes negligence per se, which precludes the court from applying the open-and-obvious doctrine. We considered the effect of a building code violation as constituting negligence per se in *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 697 N.E.2d 198, but there, however, we neither considered nor discussed the open and obvious doctrine.

### Application of *Chambers*

{¶ 27} In *Chambers,* we addressed the specific issue of whether a violation of the OBC constituted negligence per se. Chambers had sustained injuries to his back while delivering milk to St. Mary's School when he slipped on a natural accumulation of ice and snow on an outdoor staircase. 82 Ohio St.3d at 564, 697 N.E.2d 198. At issue were allegations of OBC violations, including a handrail violation. We held that a violation of the OBC is not negligence per se, but that such violation may be admissible as evidence of negligence.

{¶ 28} Our decision in *Chambers* has been interpreted by some appellate courts to preclude application of the open-and-obvious doctrine in cases involving administrative-rule violations. Ahmad relies on one such case, the First District Court of Appeals' decision in *Francis v. Showcase Cinema Eastgate,* 155 Ohio App.3d 412, 2003-Ohio-6507, 801 N.E.2d 535. The appellate court in *Francis* misconstrued *Chambers* to suggest that "violations of the [OBC] are evidence that the owner has breached a duty to the invitee." Id. at ¶ 9. Not exactly.

{¶ 29} While *Chambers* stated that such violations may be admissible as evidence of negligence, *Chambers* did not consider the open-and-obvious doctrine. After reviewing *Chambers* and its interpretation in *Francis* and other appellate decisions, I am of the view that clarification is necessary. A building code violation may support a conclusion that a condition is hazardous but does not preclude application of the open-and-obvious doctrine where the violation is open and obvious.

{¶ 30} In this case, the decedent worked as a security officer at AK Steel's offices for several years prior to her fall. Ahmad failed to offer evidence that the condition that allegedly constituted the building code violation, the missing handrail, was not open and obvious, and she failed to establish any duty owed to the decedent by AK Steel. The lack of a handrail was neither latent nor concealed, and it was well known to the decedent prior to her fall by her previous use of the staircase. The building code violation here constituted an open and obvious hazard, and therefore AK Steel owed no duty to warn in this instance. A violation of the Ohio Building Code neither prohibits application of the open-and-obvious doctrine nor precludes summary judgment on claims of negligence when the hazard or condition of the property is open and obvious. Application of the open-and-obvious doctrine is not absolute and is therefore limited only to building

code violations that are open and obvious, such as the lack of a handrail on a staircase, as presented by the facts in this case.

{¶ 31} Accordingly, I would affirm the judgment of the court of appeals.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

---

The Blessing Law Firm and David S. Blessing, for appellant.

Frost Brown Todd, L.L.C., and Monica H. McPeek, for appellee.

Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging reversal for amicus curiae Ohio Association for Justice.