DeWine, J., dissenting.
{¶ 24} I dissent from the majority's entry dismissing this appeal. Here's why:
{¶ 25} First, as Justice French explains, the decision below is undeniably wrong. The first appeal did not decide anything but the one-subject challenge and no one has seriously argued otherwise. See Kljun v. Morrison , 2016-Ohio-2939, 55 N.E.3d 10, ¶ 4, 33-34 (8th Dist.). There is simply no basis for the broad injunctive relief issued by the trial court on remand. (There is not even an arguable basis.)
{¶ 26} Second, we made the decision to take the case and the parties have briefed and argued it to this court. In granting jurisdiction, we recognized that the case presented an issue of public or great general interest. See S.Ct.Prac.R. 5.02(A)(3). Nothing about this case has changed since the time we accepted it. The issues continue to be of significant public interest.
{¶ 27} Dismissal of a case as improvidently accepted is appropriate "where a case presented on the merits is not the same case as presented on motion to certify." Williamson v. Rubich , 171 Ohio St. 253, 259, 168 N.E.2d 876 (1960). Such situations tend to arise when the court later discovers that no question of general interest remains, see S.Ct.Prac.R. 7.10, in-depth review reveals that the issue has been waived, see State v. Mayfield , 102 Ohio St.3d 1240, 2004-Ohio-3440, 811 N.E.2d 81, ¶ 5 (Lundberg Stratton, J., concurring), or the facts of the case otherwise prevent the court from reaching the issue presented, see Ahmad v. AK Steel Corp. , 119 Ohio St.3d 1210, 2008-Ohio-4082, 893 N.E.2d 1287 (O'Connor, J., concurring). None of those circumstances are present here.
{¶ 28} Third, the majority's action has the effect of leaving a blatantly incorrect result in place. The majority cannot defend the decision below and doesn't even try to do so. Implicitly recognizing the wrongness of the appellate court's judgment, the majority even forbids other litigants from citing the decision as authority. But for the claimants in this case and the Bureau of Workers' Compensation ("BWC"), the majority's decision has the exact same effect as an affirmance.
{¶ 29} Fourth, it is not clear from the majority's decision what the BWC is to do now. The judgment affirmed by the court of appeals ordered broadly: "Defendants are enjoined from refusing to issue lump-sum payments of loss benefits due once the claim is finalized." Cuyahoga C.P. No. CV-13-803120 (Sept. 13, 2016). The majority today leaves that decision in place but says the court of *425 appeals' opinion may be cited only "by the parties inter se." So what does that mean? Does the court of appeals' ruling require lump-sum payments only to the seven plaintiffs? Or do the broad terms of the injunction-which this court leaves undisturbed-continue to apply to the BWC in its dealing with all claimants? I certainly don't know-and it's a pretty safe guess that the majority's action will give rise to more litigation to sort this out.
{¶ 30} To put it simply, there is no reason to dismiss this case as improvidently accepted. If the majority wants to leave the court of appeals' decision in place, it ought to at least explain its reasons to the public. By failing to do so, and by issuing a do-not-cite order without reversing the judgment below, today's decision creates uncertainty and invites more litigation.
Kennedy and French, JJ., concur in the foregoing opinion.