OPINION
{¶ 1} Plaintiffs-appellants Marcia Linquist and Randy Linquist [hereinafter appellants] appeal from the March 3, 2003, Judgment Entry of the Stark County Court of Common Pleas which granted summary judgment in favor of defendant-appellee Dennis Sutek [hereinafter appellee].
 STATEMENT OF THE FACTS AND CASE {¶ 2} This case arises out of a fall by appellant Marcia Linquist which occurred on the property of appellee. Appellants claim that on November 25, 2000, Marcia Linquist went to appellee's home to help hang wallpaper and border.[1] Appellee was not present in the home on that day but appellant was assisted by two other women.
 {¶ 3} When Marcia arrived at the home, she took notice of the absence of a railing around the stairwell opening in the floor of the great room. The stairwell led down to a basement.
 {¶ 4} Marcia proceeded to hang wallpaper and border. However, at one point, as Marcia was walking backwards and unrolling the border, she stepped into the opening in the floor and fell to the basement, injuring herself. Neither of the women working with appellant warned Marcia of the impending danger.
 {¶ 5} On November 14, 2002, appellants filed a complaint in the Stark County Court of Common Pleas claiming that appellee, as the owner and occupier of the residence in which appellant had fallen, had been negligent.[2] Appellants claimed that appellee's negligence resulted in Marcia's fall and resulting injuries. Appellant's husband Randy Linquist presented a claim for loss of services and consortium as well.
 {¶ 6} On December 23, 2002, appellee filed a motion for summary judgment. On March 3, 2003, the trial court granted appellee's motion for summary judgment.
 {¶ 7} It is from the March 3, 2003, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 8} "I. The trial court erred in granting the summary judgment in favor of defendant, Dennis Sutek, because the evidence in the court record establishes a genuine issue of fact as to liability.
 {¶ 9} "II. The trial court erred in its strict application of the open and obvious doctrine. It should have applied a comparative negligence analysis to the facts."
 {¶ 10} Summary Judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. Civil Rule 56(C) states in pertinent part: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 11} It is based upon this standard we review appellants' assignments of error.
 II {¶ 12} We will first address appellants' second assignment of error. In the second assignment of error, appellants argued that the trial court erred when it applied the open and obvious doctrine rather than a comparative negligence analysis. However, appellants conceded this assignment of error during oral argument. Therefore, this assignment of error is overruled.
 I {¶ 13} In the first assignment of error, appellants contended that appellee, the home owner and occupier, failed to exercise ordinary care when he removed the railing from around a stairway opening to the basement, in violation of the first prong of Sheibel v. Lipton (1951),156 Ohio St. 308, 102 N.E.2d 453. Appellants continue their argument by asserting that the trial court incorrectly assumed that because Marcia Linquist knew the opening was there before the fall, the opening was "open and obvious" to Marcia when she fell. Appellants conclude that the opening was not open and obvious and thus, the matter should have been presented to a jury rather than decided on summary judgment. We disagree.
 {¶ 14} To defeat a motion for summary judgment filed by a defendant in a negligence action, a plaintiff must identify a duty owed to him or her by the defendant which was breached by the defendant and which proximately caused the plaintiff's injury. Keister v. Park Centre Lanes
(1981), 3 Ohio App.3d 19, 443 N.E.2d 532, syllabus.
 {¶ 15} In the present case, appellant was a "social guest" at Sutek's home on the day of the fall. In Scheibel, the Ohio Supreme Court addressed what duty is owed by a possessor of premises to a social guest:
 {¶ 16} "2. A host is not an insurer of the safety of a guest while upon the premises of the host and there is no implied warranty on the part of a host that the premises to which a guest is invited by him are in safe condition.
 {¶ 17} "3. A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that theguest does not know and will not discover such dangerous condition."Scheibel, supra, at paragraphs 2 and 3 of the syllabus. (Emphasis added.)
 {¶ 18} Appellant attempts to argue that appellee failed to exercise ordinary care not to cause injury to a guest when he removed the railing from around the stairwell opening. See Scheibel, supra., paragraph 3(1) of the syllabus. However, under the circumstances herein, it is paragraph 3(2) which is applicable. Appellee was only under an obligation to warn appellant that the railing was removed if he had reason to believe that Marcia Linquist did not know or would not discover the dangerous condition. Stated in other words, a social host has a duty to warn guests of a danger, which is known or should be known to the host, unless the danger is open and obvious. This is known as the open and obvious doctrine.
 {¶ 19} The rationale behind the open and obvious doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 1992 Ohio 42, 597 N.E.2d 504.
 {¶ 20} In this case, appellant Marcia Linquist knew that the opening was there and that the railing around it had been removed. Although we acknowledge, as appellant argued, that she was presumably not thinking about the opening when she walked backwards into the opening, a distraction (unrolling wallpaper border) does not obviate her own obligation to exercise reasonable care for her own safety nor alter the fact that the opening was open and obvious giving rise to no duty to appellee. See Williams v. Henderson (October 19, 2000), Cuyahoga App. 76366.
 {¶ 21} Accordingly, appellant's first assignment of error is overruled.
 {¶ 22} The Judgment Entry of the Stark County Court of Common Pleas is affirmed.
Edwards, J., Gwin, P.J. and Wise, J. concur.
[1] Appellant Marcia Linquist is appellee's aunt.
[2] The complaint stated a claim against Carolyn Neisz, appellee's girlfriend and one of the women working with appellant Marcia Linquist the day of the fall. On March 10, 2003, appellants filed a notice of dismissal in regard to Carolyn Neisz.