OPINION
{¶ 1} Plaintiff-appellant, Edna Early, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Damon's Restaurant ("Damon's"). Plaintiff assigns a single error:
The trial court erred by granting summary judgment in favor of Defendant when the record presents genuine issues of material fact that demand resolution by the trier of fact.
Because the claimed deficiencies in the staircase at Damon's were open and obvious as a matter of law, we affirm.
 {¶ 2} The facts in this case are fairly straightforward. Plaintiff and her daughters met for lunch at Damon's. A hostess walked the group to a table in the smoking section, located up a three-step staircase in the restaurant's adjacent bar area. Plaintiff, advanced in years, successfully ascended the dimly lit stairs with her daughters' assistance. The staircase did not have a handrail on its north side, and plaintiff did not use the handrail on the south side. After dining, plaintiff left the bar area and approached the same staircase on the south side. While descending the stairs, plaintiff's "foot got caught or something and [she] fell." (Early Depo., 19.) As a result of the fall, plaintiff sustained injuries to her right ankle.
 {¶ 3} Plaintiff subsequently filed a complaint against Damon's, alleging that Damon's breached the duty of care it owed to plaintiff by failing to maintain the steps in a reasonably safe condition. Damon's ultimately filed a motion for summary judgment contending, in part, the stairs were an open and obvious condition that existed on the premises. Plaintiff opposed Damon's motion and submitted an affidavit from Keith Columbo, an engineer/certified safety inspector, who averred that (1) poor lighting prevented plaintiff from noticing the handrail on the south side of the staircase, and (2) had a handrail been on the north side of the staircase, plaintiff would have been able to "visualize" and use such a handrail. The trial court granted summary judgment to Damon's. Plaintiff appeals, contending the record presents issues of fact properly submitted to a jury for resolution.
 {¶ 4} An appellate court's review of summary judgment is conducted de novo. Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588, citing Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711. We apply the same standard as the trial court and conduct an independent review, without deference to the trial court's determination. Maust v.Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107;Brown, at 711. We must affirm the trial court's judgment if any of the grounds the movant raised in the trial court support the judgment. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38,41-42.
 {¶ 5} Summary judgment is appropriate only where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. A party seeking summary judgment "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996),75 Ohio St.3d 280, 292.
 {¶ 6} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." Strotherv. Hutchinson (1981), 67 Ohio St.2d 282, 285. A business owner owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition, including an obligation to warn its invitees of latent or hidden danger, so as not to unnecessarily and unreasonably expose its invitees to danger.Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203;Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51, 52. A business owner nonetheless is not an insurer of a customer's safety, and "[p]remises are not unreasonably dangerous where the defect in the premises is insubstantial and of the type that passersby commonly encounter." Baldauf v. Kent State Univ.
(1988), 49 Ohio App.3d 46, paragraph three of the syllabus.
 {¶ 7} The open-and-obvious doctrine eliminates a premises owner's duty to warn business invitees of static dangers on the premises if the dangers are known to the invitees or are so obvious and apparent to the invitee that they reasonably may be expected to discover the dangers and protect themselves against them. Simmons v. American Pacific Enterprises, LLC,164 Ohio App.3d 763, 2005-Ohio-6957, at ¶ 21, citing Sidle v. Humphrey
(1968), 13 Ohio St.2d 45. The rationale is that an open and obvious danger serves as its own warning.
 {¶ 8} Open and obvious dangers are those not hidden, concealed from view, or undiscoverable upon ordinary inspection.Lydic v. Lowe's Companies, Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10. A person does not need to observe the dangerous condition for it to be an "open and obvious" condition under the law; rather, the determinative issue is whether the condition is observable. Id. Even in cases where the plaintiff did not actually notice the condition until after he or she fell, this court has found no duty to exist in cases where the plaintiff could have seen the condition if he or she had looked. Id.
 {¶ 9} Here, the trial court granted summary judgment in favor of Damon's because it found the condition of the stairs was an open and obvious danger as a matter of law, leaving Damon's with no duty to protect plaintiff from the hazard. As its basis, the trial court noted that (1) plaintiff safely ascended the same steps where she later fell; (2) plaintiff did not notice any defect in the steps and did not present evidence of a defect existing at the time of her fall; (3) plaintiff testified that she did not have any difficulty seeing each step as she ascended and did not notice a changed condition when she descended; and (4) the report of plaintiff's expert did not alter the open and obvious condition of the steps. Finding Damon's owed no duty to protect or warn plaintiff of the open and obvious hazard the stairs caused, the trial court found that plaintiff failed to prove the first element of an actionable claim of negligence.
 {¶ 10} On appeal, plaintiff neither alleges that the absence of a north side handrail violates the building code nor claims that the actual steps were a hazard. Instead, plaintiff specifically maintains that Colombo's affidavit raised a factual issue of whether dim lighting prevented plaintiff from observing the south side handrail and the absence of a north side handrail. Plaintiff contends that a trier of fact should resolve whether the condition of the staircase, in fact, was open and obvious.
 {¶ 11} Columbo's affidavit stated that he investigated the conditions of the staircase at issue and noted "a guardrail on the south side of the stairs," but "no guardrail on the north side of the stairs." (Columbo Affidavit, at ¶ 8.) He further averred that invitees had "no ability to visualize the guardrail from the direction in which [plaintiff] was approaching the steps when leaving the bar," noting that "those persons entering the bar are going from a more lighted area to a darker area," but "those persons exiting the bar are going from a less lighted area to a more lighted area." Id.
 {¶ 12} From these facts, Columbo concluded, in part, that (1) handrails were necessary due to the conditions present in Damon's staircase; (2) "the single handrail safety device could not be readily visualized by persons, such as [plaintiff], who approached the stairs from the south side of the bar area"; (3) "had there been a handrail on the north side of the steps, persons approaching the stairs from the south side of the bar area, such as [plaintiff], would have been able to visualize and use such a handrail"; (4) "[w]ithout a handrail, the steps are defective and unreasonabl[y] dangerous"; (5) "Damon's was negligent in their attempt to make the steps safe by only providing a railing on the south side of the steps and not readily visible upon exiting the bar"; and (6) "the defect and/or Damon's negligence proximately caused [plaintiff's] fall" or "inability to break her fall." (Columbo Affidavit, at ¶ 9.)
 {¶ 13} Although Damon's suggests that Columbo's testimony may improperly exceed the scope of his expertise, we need not address the issue because (1) Columbo's affidavit fails to create a genuine issue of whether the bar area's dim lighting prevented plaintiff from observing the handrail situation when sheentered the bar area, and (2) Columbo's affidavit specifically recognizes that the dim lighting did not prevent plaintiff from observing the absence of the north side handrail. As a result, Columbo's affidavit is not inconsistent with the trial court's conclusion that the condition of Damon's staircase was open and obvious as a matter of law.
 {¶ 14} Initially, we note that a person who safely traverses an area containing a defect "cannot take the position that it was at that time so insubstantial as to go unnoticed, but became unreasonably dangerous, hence actionable, when injuries were occasioned by it" upon traversing it a short time later. Raflov. Losantiville Country Club (1973), 34 Ohio St.2d 1, 4. The Supreme Court of Ohio explained that an owner's liability for unsafe conditions is premised upon the owner's superior knowledge of the existing dangers or perils on the premises. Id. at 3-4. When the alleged defect is visible on entering the premises, an invitee, too, has knowledge of the defect, and the reason for imposing liability dissipates, even after a three-hour lapse in time. Id. at 3. An invitee cannot minimize the effect of the open and obvious doctrine by contending a far different and far more dangerous situation existed upon leaving an area when the alleged defect, unchanged while she was on the premises, was visible at the time she entered.
 {¶ 15} Here, although plaintiff asserted the lighting was dim on the day she entered the bar area, she successfully ascended the staircase without issue one hour before her descent. Indeed, she testified she did not have any difficulty seeing each step as she ascended and did not notice a changed condition when she descended. Nothing in plaintiff's testimony suggests anything prevented her from seeing the condition of the staircase, including the south side handrail, had she looked. Although Columbo testified "[t]hat the single handrail safety device could not be readily visualized by persons, such as [plaintiff], who approached the stairs from the south side of the bar area," Columbo's affidavit fails to address the dispositive issue: whether the dim lighting prevented plaintiff from observing the handrail as she entered the bar area. (Columbo Affidavit, at ¶ 9.) Instead, his affidavit addresses plaintiff's leaving the bar area to descend the stairs. Because plaintiff presents no evidence that she did not know or could not have known that a handrail was located on the south side of the staircase when she ascended the stairs to enter the bar area, the trial court did not err in concluding the handrail location was open and obvious as a matter of law.
 {¶ 16} Further, Columbo specifically stated "[t]hat had there been a handrail on the north side of the steps, persons approaching the stairs from the south side of the bar area, such as [plaintiff], would have been able to visualize and use such a handrail." (Columbo Affidavit, at ¶ 9.) Despite plaintiff's contrary contentions, this statement irrefutably shows that nothing prevented plaintiff from observing that the north side of the staircase had no handrail. Because the absence of the handrail was not hidden, concealed from view, or undiscoverable upon ordinary inspection, plaintiff could have seen the condition if she had looked. Accordingly, the evidence of record supports the trial court's determination that the lack of a north side handrail was an open and obvious hazard. See, e.g., Tomaselli v.Amser Corp. (July 20, 2000), Cuyahoga App. No. 76605; Linquistv. Sutek, Stark App. No. 2003CA00124, 2003-Ohio-6793; Nelson v.Sound Health Alternatives, Inc. (Sept. 6, 2001), Athens App. No. 01CA24.
 {¶ 17} Because the absence of the north side handrail and the location of the south side handrail were open and obvious as a matter of law, we overrule plaintiff's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Brown and Sadler, JJ., concur.