DECISION AND JUDGEMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Common Pleas Court summary judgment in favor of Holly Hill Motel, Inc. (Holly Hill) and Rodney McCorkle dba Rodney McCorkle Builder (McCorkle), defendants below and appellees herein.
 {¶ 2} Dorothy Lang, executrix of the estate of Albert Lang, *Page 2 
plaintiff below and appellant herein, raises the following assignment of error for review:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT HOLLY HILL MOTEL AND THIRD PARTY DEFENDANT ROD MCCORKLE BUILDERS."
 {¶ 3} On April 4, 1999, appellant and her husband, Albert Lang, stopped at the Holly Hill Motel. Appellant requested a handicap accessible room, but the motel advised that none was available. The motel assigned the Langs a room that required them to climb two steps to reach the motel room. Appellant assisted her husband, who suffered from emphysema and required an oxygen tank, up the steps. As they crossed the second step, her husband fell and suffered a broken hip. In July of 1999, Mr. Lang died from respiratory failure. Appellant alleges that her husband's limited mobility following his broken hip operation hastened his death.
 {¶ 4} On April 6, 2004, appellant filed a complaint against Holly Hill and alleged that her husband tripped at the Holly Hill motel while traversing unusually high steps that lacked a handrail. She further averred that he suffered a broken hip and that this injury subsequently caused respiratory failure and his ultimate demise.
 {¶ 5} Holly Hill filed a third-party complaint against McCorkle and alleged that McCorkle's negligent construction proximately resulted in Mr. Lang's injuries.
 {¶ 6} On November 5, 2004, McCorkle requested summary *Page 3 
judgment and asserted that appellant could not identify the precise cause of her husband's fall. McCorkle further argued that any hazards associated with the step were open and obvious, which obviated him of a duty to warn. On January 19, 2005, Holly Hill also requested summary judgment and raised essentially the same arguments as McCorkle: (1) that the step presented an open and obvious danger; and (2) that appellant could not identify what caused her husband to fall.
 {¶ 7} In response, appellant asserted that in her deposition she stated that her husband tripped on the step. She argued that she need not establish to an absolute certainty what caused the fall, but need only produce evidence so that a jury could reasonably infer that "the defect complained of caused the fall." Appellant further disputed appellees' arguments that the step presented an open and obvious danger. She contended that the riser height was not readily discoverable and that while the lack of a handrail was apparent, the need for one was not. Appellant argued that if a handrail had been in place, it may have prevented her husband's fall.
 {¶ 8} The trial court granted McCorkle and Holly Hill summary judgment. It determined that because appellant could not state with certainty what caused her husband to fall, she could not establish the cause of his fall.
 {¶ 9} On December 15, 2005, we reversed and remanded the trial court's judgment. See Lang v. Holly Hill, Jackson App. No. 05CA6,2005-Ohio-6766. We determined that the trial court *Page 4 
improperly concluded that appellant failed to identify the cause of her fall. We also declined, however, to address the open and obvious doctrine because the trial court did not consider it as a basis for granting summary judgment.
 {¶ 10} On remand, appellees requested summary judgment and argued that the open and obvious doctrine relieved them of the duty to warn. In particular, appellees that any defect in the stairs and the lack of a handrail were easily observable conditions and, thus, constituted open and obvious hazards.
 {¶ 11} Appellant asserted that the condition of the stairs was not an open and obvious danger. She noted that her expert stated in an affidavit that the riser was 2.375 to 2.75 inches higher than permitted under the Ohio Basic Building Code (OBBC). She contended that the riser height was not easily discernible because (1) her husband "was an elderly gentleman who carried an oxygen tank"; (2) "the steps and sidewalk were all a uniform color"; and (3) the fall occurred in the evening. Appellant further argued that the lack of a handrail, while visually apparent, was not an open and obvious danger. She asserts that neither she nor her husband recognized the need for a handrail until her husband began climbing the step and encountered the non-compliant riser. She contends that if a handrail had been in place, her husband could have stopped his fall.
 {¶ 12} On September 7, 2006, the trial court determined that the stair presented an open and obvious danger and granted appellees summary judgment. The court explained: *Page 5 
 "[Appellant] and her husband had several feet in which to view the step before attempting to traverse the step. [Appellant] and her husband stepped from the parking lot up onto a sidewalk which led to the step in question, which was several feet in front of them. There is no allegation that the lighting was poor or that there was any reason that [appellant] and her husband were not able to discern the step. * * * * Defendant had a step which was higher than a normal step. However, at the approach it was only a single step which [appellant] and her husband would have had ample opportunity to view and decide whether to use the step or to take whatever appropriate measures would be necessary to protect themselves."
The court also rejected appellant's argument that the OBBC violation precluded summary judgment. This appeal followed.
 {¶ 13} In her sole assignment of error, appellant contends that the trial court overruled appellees' summary judgment. She asserts that the court erroneously concluded that the danger associated with the stairs was open and obvious and argues that the dangerous nature of the stairs was not easily discoverable due to the following circumstances: (1) her husband was an elderly man who carried an oxygen tank; (2) the steps and sidewalk were a uniform color; (3) the fall occurred in the evening; and (4) her husband was tired from traveling all day. Appellant contends that these circumstances constitute "attendant circumstances" that create a jury question as to whether the danger associated with the steps was open and obvious. Appellant further asserts that because the riser height and the absence of a handrail constitute violations of the OBBC, the violations create a genuine issue of material fact as to whether the danger was open and obvious.
 {¶ 14} Initially, we note that when reviewing a trial court *Page 6 
summary judgment decisions, appellate courts must conducts a de novo review. See, e.g., Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411-12, 599 N.E.2d 786. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the Civ.R. 56 summary judgment standard, as well as the applicable law.
 {¶ 15} Civ.R. 56(C) provides, in relevant part, as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 16} Pursuant to that rule, a trial court may not award summary judgment unless the evidence demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and *Page 7 
after viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164.
 {¶ 17} Under Civ.R. 56, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Vahila, supra; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264, 273. The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. See Kulch v. Structural Fibers, Inc.
(1997), 78 Ohio St.3d 134, 147, 677 N.E.2d 308, 318; Dresher, supra. Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C);Dresher, supra.
 {¶ 18} "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant a summary judgment." Pennsylvania Lumbermans *Page 8 Ins. Corp. v. Landmark Elec., Inc. (1996), 110 Ohio App.3d 732, 742,675 N.E.2d 65. Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E);Dresher, supra. A trial court may grant a properly supported summary judgment motion if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Id.; Jackson v. Alert Fire SafetyEquip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027.
 {¶ 19} A successful negligence action requires a plaintiff to establish that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See, e.g., Texler v. D.O. Summers Cleaners (1998),81 Ohio St.3d 677, 680, 693 N.E.2d 217; Jeffers v. Olexo (1989), 43 Ohio St.3d 140,142, 539 N.E.2d 614; Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 472 N.E.2d 707. If a defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing elements and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law. SeeFeichtner v. Cleveland (1994), 95 Ohio App.3d 388, 394, 642 N.E.2d 657;Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19,443 N.E.2d 532-A-0015.
 {¶ 20} In a premises liability case, the relationship between *Page 9 
the owner or occupier of the premises and the injured party determines the duty owed. See, e.g., Gladon v. Greater Cleveland Regional TransitAuth. (1996), 75 Ohio St.3d 312, 315, 662 N.E.2d 287; Shump v. FirstContinental-Robinwood Assocs. (1994), 71 Ohio St.3d 414, 417,644 N.E.2d 291. In the case at bar, the parties do not dispute that appellant and her husband were business invitees.
 {¶ 21} A business premises owner or occupier possesses the duty to exercise ordinary care to maintain its premises in a reasonably safe condition, such that its business invitees will not unreasonably or unnecessarily be exposed to danger. Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203, 203, 480 N.E.2d 474. A premises owner or occupier is not, however, an insurer of its invitees' safety. See id. While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, see Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 358,390 N.E.2d 810, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See Brinkman v. Ross (1993),68 Ohio St.3d 82, 84, 623 N.E.2d 1175; Sidle v. Humphrey (1968),13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus.
 {¶ 22} Therefore, when a danger is open and obvious, a premises owner owes no duty of care to individuals lawfully on the premises. SeeArmstrong v. Best Buy Co., 99 Ohio St.3d 79, 788 N.E.2d 1088,2003-Ohio-2573, at ¶ 5; Sidle v. Humphrey (1968), *Page 10 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. The underlying rationale is that "the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves."Armstrong, at ¶ 5. "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Id. at ¶ 13.
 {¶ 23} In most situations, whether a danger is open and obvious presents a question of law. See Hallowell v. Athens, Athens App. No. 03CA29, 2004-Ohio-4257, at ¶ 21; see, also, Nageotte v. Cafaro Co., Erie App. No. E-04-15, 2005-Ohio-2098. Under certain circumstances, however, disputed facts may exist regarding the openness and obviousness of a danger, thus rendering it a question of fact. As the court explained inKlauss v. Marc Glassman, Inc., Cuyahoga App. No. 84799, 2005-Ohio-1306, at ¶ 17-18:
 "Although the Supreme Court of Ohio has held that whether a duty exists is a question of law for the court to decide, the issue of whether a hazardous condition is open and obvious may present a genuine issue of fact for a jury to review.
 Where only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law. Anderson v. Hedstrom Corp. (S.D.N.Y.1999), 76 F.Supp.2d 422, 441; Vella v. Hyatt Corp. (S.D. MI 2001), 166 F.Supp.2d 1193, 1198; see, also, Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 566 N.E.2d 698. *Page 11 
However, where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine. Carpenter v. Marc Glassman, Inc. (1997), 124 Ohio App.3d 236, 240, 705 N.E.2d 1281; Henry v. Dollar General Store, Greene App. No. 2002-CA-47, 2003-Ohio-206; Bumgarner v. Wal-Mart Stores, Inc., Miami App. No. 2002-CA-11, 2002-Ohio-6856."
See, also, Oliver v. Leaf and Vine, Miami App. No. 2004CA35,2005-Ohio-1910, at ¶ 31 ("`The determination of whether a hazard is latent or obvious depends upon the particular circumstances surrounding the hazard. In a given situation, factors may include lighting conditions, weather, time of day, traffic patterns, or activities engaged in at the time.'") (internal quotations omitted).
 {¶ 24} "Attendant circumstances" may also create a genuine issue of material fact as to whether a hazard is open and obvious. SeeCummin v. Image Mart, Inc., Franklin App. No. 03AP 1284, 2004-Ohio-2840, at ¶ 8, citing McGuire v. Sears, Roebuck Co. (1996),118 Ohio App.3d 494, 498, 693 N.E.2d 807. An attendant circumstance is a factor that contributes to the fall and is beyond the injured person's control. SeeBackus v. Giant Eagle, Inc. (1996), 115 Ohio App.3d 155, 158,684 N.E.2d 1273. "The phrase refers to all circumstances surrounding the event, such as time and place, the environment or background of the event, and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event." Cummin, at ¶ 8, citingCash v. Cincinnati (1981), 66 Ohio St.2d 319, 324, 421 N.E.2d 1275. An "attendant circumstance" has also been defined to include any distraction that would come to *Page 12 
the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time."McGuire, 118 Ohio App.3d at 499.
 {¶ 25} Attendant circumstances do not include the individual's activity at the moment of the fall, unless the individual's attention was diverted by an unusual circumstance of the property owner's making. See McGuire, 118 Ohio App.3d at 498. Moreover, an individual's particular sensibilities do not play a role in determining whether attendant circumstances make the individual unable to appreciate the open and obvious nature of the danger. As the court explained inGoode v. Mt. Gillion Baptist Church, Cuyahoga App. No. 87876,2006-Ohio-6936, at ¶ 25: "The law uses an objective, not subjective, standard when determining whether a danger is open and obvious. The fact that appellant herself was unaware of the hazard is not dispositive of the issue. It is the objective, reasonable person that must find that the danger is not obvious or apparent." Thus, we use an objective standard to determine whether the danger associated with the stairs was open and obvious.
 {¶ 26} In the case sub judice, we disagree with appellant that genuine issues of material fact remain as to whether the stairs presented an open and obvious danger. The height of the stairs and the lack of a handrail were readily observable. See Early v. Damon's Restaurant, Franklin App. No. 05AP-1342, 2006-Ohio-3311 (stating that the lack of a handrail was an open and obvious hazard); Nelson v. Sound HealthAlternatives, Inc. (Sept. 6, *Page 13 
2001), Athens App. No. 01CA24 (holding that lack of handrail, uniformity of color between steps and landing, and dimly lit stairs presented open and obvious danger). Here, the landowner did nothing to conceal the height of the stairs or the lack of a handrail, or to render those conditions unnoticeable or to otherwise distract appellant and her husband.
 {¶ 27} Further, none of the facts appellant raises as "attendant circumstances" are conditions within the landowner's control. For example, the fact that her husband was tired and required an oxygen tank were not within the landowner's control.
Cf. Isaacs v. Meijer, Inc., Clermont App. No. CA2005-10-98,2006-Ohio-1439 (stating that the fact that appellant was carrying six boxes of frozen dinners was clearly her choice and within her control and did not prevent her from looking where she was walking).
 {¶ 28} Although appellant claims that it was "evening," she does not claim that the area was poorly lit. Even if the area had been poorly lit, we note that "darkness is always a warning of danger, and may not be disregarded." McCoy v. Kroger Co., Franklin App. No. 05AP7,2005-Ohio-6965, at ¶ 14; see, also, Chaparro-Delvalle v. TSH Real EstateInvest. Co., Inc., Lorain App. No. 05CA8712, 2006-Ohio-925; Storc v. DayDrive Assocs. Ltd., Cuyahoga App. No. 86284, 2006-Ohio-561.
 {¶ 29} Appellant nevertheless asserts that the riser height of the stairs and the lack of a handrail constituted violations of the OBBC and that such violations preclude summary judgment. *Page 14 
Ohio appellate courts are split on this issue, however. The Second, Fifth, Eighth, and Twelfth, districts hold that OBBC violations do not preclude summary judgment. See Ahmad v. AK Steel Corp., Butler App. No. CA2006-04-84, 2006-Ohio-7031; Kirchner v. Shooters on the Water,Inc., 167 Ohio App.3d 708, 2006-Ohio-3583, 856 N.E.2d 1026; Olivier v.Leaf Vine, Miami App. No. 2004 CA 35, 2005-Ohio-1910; and Ryan v.Guan, Licking App. No. 2003CA00110, 2004-Ohio-4032. The First and Tenth districts hold otherwise. See Christen v. Don Vonderhaar Market Catering, Hamilton App. No. C-050125, 2006-Ohio-715; andUddin v. Embassy Suites Hotel, 165 Ohio App.3d 699, 2005-Ohio-6613,848 N.E.2d 519, appeal allowed, 109 Ohio St.3d 1455, 2006-Ohio-2226,847 N.E.2d 5, and appeal dismissed as improvidently allowed113 Ohio St.3d 1249, 2007-Ohio-1791, 864 N.E.2d 638. The courts disagree on the interpretation of the Ohio Supreme Court's holding in Chambers v. St.Mary's School (1998), 82 Ohio St.3d 563, 697 N.E.2d 198. InChambers, the court held that while the violation of an administrative rule did not constitute negligence per se, it "may be admissible as evidence of negligence." Id. at syllabus.
 {¶ 30} In concluding that Chambers does not mean that an OBBC violation precludes summary judgment under the open and obvious doctrine, the Olivier court explained:
 "* * * * In Chambers v. St. Mary's School, 82 Ohio St.3d 563, 1998-Ohio-184, 697 N.E.2d 198, the supreme court addressed whether a violation of the OBBC may constitute negligence per se. The court explained the difference between negligence and negligence per se, stating: `"The distinction between negligence and *Page 15 
15 `negligence per se' is the means and method of ascertainment. The first must be found by the jury from the facts, the conditions and circumstances disclosed by the evidence; the latter is a violation of a specific requirement of law or ordinance, the only fact for determination by the jury being the commission or omission of the specific act inhibited or required." * * Negligence per se is tantamount to strict liability for purposes of proving that a defendant breached a duty.' Id. at 565-66, 697 N.E.2d 198 (quoting Swoboda v. Brown (1935), 129 Ohio St. 512, 522, 245 Ind. 71, 196 N.E.2d 274). The supreme court held that violations of the OBBC do not constitute negligence per se, but that they may be admissible as evidence of negligence. * * *
 The Chambers court was not asked to address the open and obvious doctrine, and it did not do so. Yet, the supreme court recognized that strict compliance with a multitude of administrative rules was `virtually impossible' and that treating violations as negligence per se would, in effect, make those subject to such rules the insurer of third parties who are harmed by any violation of such rules. Chambers, 82 Ohio St.3d at 568, 697 N.E.2d 198. In a footnote, the supreme court noted that it would be virtually impossible for a premise owner to strictly comply with the requirement mandating the removal of snow from steps without reference to exceptions or a reasonableness standard. In our view, the supreme court has implied that building code violations may be considered in light of the circumstances, including whether the condition was open and obvious to an invitee. The fact that a condition violates the building code may support the conclusions that the condition was dangerous and that the landowner had breached its duty to its invitee. However, such violations may be obvious and apparent to an invitee. In our judgment, if the violation were open and obvious, the open and obvious nature would `obviate the duty to warn.' See Armstrong, 99 Ohio St.3d at 80, 788 N.E.2d 1088; see Ryan v. Guan, Licking App. No. 2003CA110, 2004-Ohio-4032
[2004 WL 1728519] (the open and obvious doctrine applied, despite the fact that the plaintiff had lost her balance on a curb ramp flare that was one and one-half times steeper than allowed by the applicable building codes); Duncan v. Capitol South Comm. Urban Redev. Corp., Franklin App. No. 02AP-653, 2003-Ohio-1273 (unreasonably high curb was an open and obvious danger); see also Quinn v. Montgomery Cty. Educ. Serv. Ctr., Montgomery App. No. 20596, 2005-Ohio-808 (open and obvious doctrine applied *Page 16 
to defect in the sidewalk, which municipality had a duty to maintain under R.C. 2744.02(B)(3)). Id. at ¶ 28.
 {¶ 31} In Francis v. Showcase CinemaEastgate, 155 Ohio App.3d 412, 2003-Ohio-6507,801 N.E.2d 535, the court determined that underChambers, an OBBC violation raises a genuine issue of material fact as to the landowner's duty and prevents a defendant from asserting the "open and obvious" defense to eliminate the existence of a duty or breach of duty. The court explained:
"[W]hile the Supreme Court of Ohio has reaffirmed the principle that a landowner owes no duty to protect an invitee from open and obvious dangers, it has also held that violations of the OBBC are evidence that the owner has breached a duty to the invitee. In this case, [defendant] suggests that this court should simply ignore the evidence of the OBBC violation, but we believe it would be improper to do so. To completely disregard the OBBC violation as a nullity under the open-and-obvious doctrine would be to ignore the holding in Chambers and to render the provisions of the OBBC without legal significance. We hold, then, that the evidence of the OBBC violation raised a genuine issue of material fact regarding [defendant's] duty and breach of duty, and that summary judgment was improperly granted.
Id. at ¶ 10.
 {¶ 32} In Uddin, the Tenth District explained its rationale as *Page 17 
follows:
 "When we are considering a motion for summary judgment, to ignore a party's purported violation of an administrative rule that is supported by some evidence would vitiate the legal significance of an administrative rule. For instance, in a case wherein summary judgment is sought and application of the open-and-obvious rule is disputed, if a defendant's purported violation of the administrative code that was supported by some evidence were ignored, a party could violate an administrative rule, thereby possibly endangering public safety, yet be insulated from liability because such a violation constituted an open-and-obvious condition."
 {¶ 33} As Judge Christley noted in her dissent in Uddin, theChambers court did not explore the open and obvious doctrine. She noted:
 "* * * Chambers stands for the proposition that a violation of an administrative regulation is simply evidence that the premises owner breached his or her duty of care and that this evidence should be considered in light of the surrounding circumstances. Chambers, however, does not stand for the proposition that a possible administrative violation prohibits the application of the open-and-obvious doctrine."
Id. at ¶ 68. (Christley, J., concurring in part and dissenting in part).
 {¶ 34} We agree with those courts that hold an OBBC violation does not negate application of the open and obvious doctrine. As theOlivier court noted and as Judge Christley stated in her dissent, theChambers court did not address the open and obvious doctrine. Thus, we do not believe that Chambers stands for the proposition that an OBBC violation always precludes summary judgment.
 {¶ 35} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the *Page 18 
trial court's judgment.
JUDGMENT AFFIRMED.