OPINION
{¶ 1} Plaintiff-appellant, Malinda McConnell ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Vincent J. Margello, Jr., and Home Garden Creations, *Page 2 
LLC (collectively, "appellees"), in appellant's claims arising out of injuries she sustained on appellees' commercial premises. For the following reasons, we affirm.
 {¶ 2} The facts in this case are for the most part straightforward and uncontested. On August 20, 2004, appellant injured her foot by unexpectedly stepping off a step in a retail store, Home Garden Creations, operated by appellee Home Garden Creations, LLC in Powell, Ohio.[1] Home Garden is located in a building owned by appellee Margello, which is divided into several storefronts. The building previously housed a sports bar that had elevated booths with a single step down to the main floor area. When the property was subdivided, the entrance for each storefront was created where the booths had been so that patrons entered onto the elevated area and were required to step down onto the main floor. The difference in elevation is approximately five inches.
 {¶ 3} Prior to entering Home Garden, appellant and her three shopping companions visited a neighboring shop, Rare Possessions, which had the same bi-level floorplan, where they successfully negotiated the step while entering and exiting the store. When she entered Home 
Garden, appellant was talking to her companions and looking at pictures displayed on the wall to her left. Within moments after entering Home Garden, appellant stepped off the upper floor unexpectedly, "walked on air and came down[,]" injuring her foot. (McConnell Depo. at 31.) Appellant specified that she did not slip or trip, but simply stepped off the upper level without realizing it. In her deposition, appellant testified that there was nothing to block her view of the step.
 {¶ 4} Appellant's sister, Lisa Jozwiak, was with appellant at the time of her fall. Jozwiak testified in her deposition that she and appellant visited both Home Garden *Page 3 
and Rare Possessions on the day in question. According to Jozwiak, Rare Possessions had "marking and lighting on the step" from the entry level to the main floor level. (Jozwiak Depo. at 7.) In addition, Jozwiak testified that a Rare Possessions employee yelled at them to watch their step. In contrast, neither Jozwiak nor appellant recalled signage or any other warning of the step in Home Garden.
 {¶ 5} Ilir Malaj and Pamela Malaj, the owners of Home Garden, gave deposition testimony regarding the condition of the premises. The Malajes testified that they were aware of customers prior to appellant stumbling over the step. They also testified that signs warning customers to watch their step were present on the day in question, in contrast to appellant's testimony that no such signs were present. Mrs. Malaj testified that, at some time prior to appellant's fall, Home 
Garden sold six-foot, wooden bridges, one of which was displayed over the step, bridging the upper and lower levels. While Mrs. Malaj did not recall any customer stumbling upon entering the store while the bridge was in place, she recalled customers stumbling while going back across the bridge to exit the store. There was no bridge spanning the step on August 20, 2004.
 {¶ 6} The trial court granted summary judgment in favor of appellees, holding that the unobstructed step was an open-and-obvious condition, and that appellant failed to introduce evidence demonstrating that unusual or unexpected attendant circumstances obviated application of the open-and-obvious doctrine. Appellant filed a timely appeal and asserts the following single assignment of error:
 THE TRIAL COURT ERRED BY GRANTING THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING WHETHER THE HAZARDOUS DROP-OFF WAS OPEN AND OBVIOUS. *Page 4 
 {¶ 7} Appellate review of summary judgment is de novo. Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, we apply the same standard as the trial court and conduct an independent review, without deference to the trial court's determination. Maust v.Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107; Brown at 711.
 {¶ 8} Pursuant to Civ.R. 56(C), a court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 9} To establish a cause of action for negligence, a plaintiff must show the existence of a duty, breach of that duty, and an injury proximately caused by the breach. Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677, 680, 1998-Ohio-602. An owner or occupier of premises owes a business invitee, such as appellant here, a duty of ordinary care in maintaining the premises in a reasonably safe condition so that the invitee is not unnecessarily and unreasonably exposed to danger. Paschal v. *Page 5 Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, the owner or occupier is not an insurer of an invitee's safety and owes no duty to protect an invitee from open-and-obvious dangers on the property. Id. at 203-204, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. Courts reason that, because of the open-and-obvious nature of the hazard, business owners may reasonably expect their invitees to discover the hazard and take appropriate measures to protect themselves. Simmers v. Bentley Constr Co., 64 Ohio St.3d 642, 644,1992-Ohio-42. The open-and-obvious doctrine is determinative of the threshold issue, the landowner's duty. Armstrong v. Best Buy Co.,Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 13. When applicable, "the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." Id. at ¶ 5.
 {¶ 10} Open-and-obvious hazards are those hazards that are neither hidden nor concealed from view and are discoverable by ordinary inspection. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50-51. "[T]he dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an `open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable." Lydic v. Lowe's Cos., Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10. Put another way, the crucial inquiry is whether an invitee exercising ordinary care under the circumstances would have seen and been able to guard himself against the condition.Kidder v. Kroger Co., Montgomery App. No. 20405, 2004-Ohio-4261, at ¶ 11, citing Youngerman v. Meijer, Inc. (Sept. 20, 1996), Montgomery App. No. 15732. Thus, this court has found no duty in cases where the plaintiff could have seen the condition if he or she had looked even where the plaintiff did not actually notice the condition before *Page 6 
falling. Early v. Damon's Restaurant, Franklin App. No. 05AP-1342,2006-Ohio-3311, at ¶ 8.
 {¶ 11} Certain clearly ascertainable hazards or defects may be deemed open and obvious as a matter of law for purposes of granting summary judgment. See Armstrong at ¶ 16. This court has uniformly recognized that the existence and obviousness of an alleged danger requires a review of the underlying facts. Schmitt v. Duke Realty, LP, Franklin App. No. 04AP-251, 2005-Ohio-4245, at ¶ 10; Terakedis v. Lin Family Ltd.Partnership, Franklin App. No. 04AP-1172, 2005-Ohio-3985, at ¶ 10. However, unless the record reveals a genuine issue of material fact as to whether the danger was free from obstruction and readily appreciable by an ordinary person, it is appropriate to find that the hazard is open and obvious as a matter of law. Freiburger v. Four Seasons Golf Ctr,L.L.C., Franklin App. No. 06AP-765, 2007-Ohio-2871, at ¶ 11. Because we find that reasonable minds can only conclude that the step in Home 
Garden was free from obstruction and readily appreciable by an ordinary person, we agree with the trial court's determination that the step was open and obvious as a matter of law.
 {¶ 12} Appellant argues that the trial court erred in granting summary judgment in favor of appellees because genuine issues of material fact remain as to whether the step was an open-and-obvious hazard. In its determination that the step was an open-and-obvious condition with respect to which appellees owed no duty to appellant, the trial court relied on a photograph depicting the step and on appellant's admission that she had an unobstructed view toward the step. The photograph shows the entry-level floor covered with a beige tile and the lower, main floor covered in dark carpet. There is a clear distinction between the flooring on the different levels. While the photograph does *Page 7 
not depict the arrangement of merchandise on August 20, 2004, it is undisputed that it accurately depicts the step and the flooring as it existed on that date.
 {¶ 13} In its discussion of the open-and-obvious doctrine, the trial court relied on Armstrong and Early. Appellant argues that the trial court's reliance on Armstrong and Early was misplaced because, unlike here, the plaintiffs in those cases had either visited the store or encountered the very hazard prior to their injuries. InArmstrong, the plaintiff had visited the store two or three times before his mishap, and, in Early, the plaintiff had successfully navigated the three-step staircase, upon which she later fell, when she arrived at the restaurant. While appellant is correct regarding the facts ofArmstrong and Early, nothing in those cases supports appellant's proposition that prior exposure is a prerequisite to a finding, as a matter of law, that a hazard is open and obvious. In fact, although the Ohio Supreme Court noted Armstrong's prior visits to the store, it immediately thereafter stated: "[W]e find that as a matter of law, the rail in question was visible to all persons entering and exiting the store. Thus, the rail presented an open-and-obvious danger."Armstrong at ¶ 16. Thus, the Supreme Court focused on whether the alleged hazard was observable, not on the plaintiff's prior visits. Id.
 {¶ 14} Appellant also asserts that Armstrong and Early are distinguishable from this case because, unlike the plaintiffs in those cases, her view of the alleged hazard was obstructed. Appellant's deposition testimony directly contradicts her assertion on appeal that her view of the step was obstructed. Although appellant testified that she was looking at merchandise when she fell, she did not testify that any merchandise or other object obstructed her view of the step. To the contrary, when asked whether there was anything blocking her view, appellant responded: "I do not believe there was anything *Page 8 
there." (McConnell Depo. at 38.) Thus, the record contains no evidence that appellant's view of the step was, in any way, obstructed prior to her fall. That appellant was looking at merchandise elsewhere, rather than looking at the floor, does not change the fact that, had she been looking, she could have seen the unobstructed step. Thus, we find no error in the trial court's reliance on Armstrong and Early.
 {¶ 15} Appellant next argues that a genuine issue of material fact exists regarding whether the step was open and obvious based on the testimony of Mr. and Mrs. Malaj that, prior to appellant's fall, other customers had also stumbled over the step. Mr. Malaj testified that, in the three years that he and his wife operated Home Garden, a "few people" stumbled over the step, although both he and Mrs. Malaj were unaware of any other customer suffering injury as a result. (I. Malaj Depo. at 31.). Mr. Malaj characterized such stumbles as a "rare occurrence." Id. at 54. Moreover, Mrs. Malaj testified that she had not had any complaints from customers about the step prior to August 20, 2004. The fact that previous customers stumbled over the step, without injury, does not alter the open-and-obvious nature of the step. The Malajes' testimony demonstrates their knowledge of the step, but does not create a genuine issue of material fact as to whether the step was free from obstruction and readily observable. From the photograph depicting the step and appellant's testimony that the step was not obstructed, it is clear that any hazard presented by the step was open and obvious despite the "rare occurrence" of another customer stumbling over it.
 {¶ 16} In further support of her argument that the step was not open and obvious, appellant also points to evidence of precautions taken by Home Garden and Rare Possessions to warn customers of the steps in each store. Jozwiak described the *Page 9 
signage and precautions taken by Rare Possessions, including a verbal warning by store personnel to entering patrons. With respect to Home Garden, the Malajes testified that they placed signs on the front door and near the step to warn customers and, for some period of time, placed a bridge over the step. Despite the Malajes' testimony that warning signs were present on August 20, 2004, appellant testified that no such signs were present. Because, on summary judgment, we must view the evidence in the light most favorable to the non-moving party, we must assume that no warning signs were present on the date in question. Nevertheless, we find the presence or absence of signs warning of the step, while relevant to the issue of breach, irrelevant to the threshold issue of the existence of a duty. See Horner v. Jiffy Lube Internatl.,Inc., Franklin App. No. 01AP-1054, 2002-Ohio-2880, at ¶ 18 (rejecting evidence regarding breach of duty because "[i]f the [condition] was open and obvious, whether appellant can prove the other elements of negligence is superfluous"). If the step was free from obstruction and readily appreciable by an ordinary person, appellees owed no duty to warn invitees of the step. See Terakedis. Thus, evidence regarding the presence or absence of signs or other precautions is irrelevant to the determination of whether the step presented an open-and-obvious danger.
 {¶ 17} We now turn to appellant's arguments regarding attendant circumstances. Appellant argues that the trial court failed to recognize genuine issues of material fact regarding the existence of attendant circumstances, which would render the open-and-obvious doctrine inapplicable. As this court has noted, "[a]n exception to the open and obvious doctrine applies when there are attendant circumstances surrounding the event that would distract the shopper causing a reduction in the degree of care an ordinary *Page 10 
person would exercise at the time." Conrad v. Sears, Roebuck Co., Franklin App. No. 04AP-479, 2005-Ohio-1626, at ¶ 11, citing Cummin v.Image Mart, Inc., Franklin App. No. 03AP-1284, 2004-Ohio-2840. Attendant circumstances must "divert the attention of the pedestrian, significantly enhance the danger of the defect and contribute to the fall." Conrad at ¶ 21. To constitute an exception to the open-and-obvious doctrine, an attendant circumstance must be "so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care an ordinary person would exercise."Cummin at ¶ 10. Attendant circumstances do not include the individual's activity at the time of the fall unless the individual's attention was diverted by an unusual circumstance of the property owner's making.Lang v. Holly Hill Motel, Inc., Jackson App. No. 06CA18, 2007-Ohio-3898, at ¶ 25.
 {¶ 18} In McGuire v. Sears, Roebuck Co. (1996), 118 Ohio App.3d 494, the First District Court of Appeals explained that goods on display alone are not sufficient to distinguish an area from that which is regularly encountered in a retail setting. In that case, the plaintiff tripped over a raised seam of ceramic tile in a department store and fell. To avoid application of the open-and-obvious doctrine, the plaintiff argued that her attention was distracted away from the floor by the women's clothing and jewelry departments adjacent to the walkway. The First District rejected the plaintiff's argument, finding that the plaintiff "failed to point to any particular display or any particular aspect of the goods on display which would distinguish the area in question from one regularly encountered in a retail setting." Id. at 500. The court cautioned against construing the attendant circumstances exception so broadly that it would apply to all displays customarily encountered in a retail store. Instead, the court found that attendant *Page 11 
circumstances apply only where the plaintiff offers evidence of particular circumstances rendering a particular display or area of display foreseeably unsafe.
 {¶ 19} Here, appellant argues that appellees placed items for sale at and above eye level to attract customers' attention as they entered the store and that such displays reduced the degree of care appellant was required to use. We disagree. Appellant identifies no specific display created by appellees that distracted her from observing the step. While appellant testified that she was looking at merchandise, specifically a picture, instead of looking where her feet were going, she does not identify any specific distraction beyond the mere presence of merchandise, as expected in a retail store. Neither Mr. nor Mrs. Malaj could specifically recall how merchandise was displayed on August 20, 2004, although Mrs. Malaj stated that some merchandise would have been hung on the walls at or above eye level, and that some merchandise would have been hung from a trellis on the ceiling near the center of the store. When describing the store on August 20, 2004, appellant vaguely described "a vast open area in a department store with things stacked high." (McConnell Depo. at 36.) Appellant did not testify that she was distracted by merchandise hung from the trellis or by the "things stacked high." Rather, appellant merely contends that she was looking at a picture on the wall instead of looking where her feet were going. As in Conrad, at ¶ 20, "[t]he so-called attendant circumstances appellant raises are common circumstances that occur in a store[,]" which do not negate a customer's responsibility to look before proceeding. The mere presence of merchandise displayed in a retail store does not rise to the level of unusual or abnormal circumstances that unreasonably increased the risk of a harmful result. To hold that appellant may avoid operation of the open-and-obvious doctrine with vague allegations of distracting *Page 12 
merchandise would effectively foreclose the availability of summary judgment, based on open-and-obvious hazards, in retail premises liability cases. We find that the presence of static merchandise at or above eye level was insufficient to divert appellant's attention, significantly enhance the danger of the step, and contribute to appellant's fall. Thus, we find no genuine issue of material fact regarding the existence of attendant circumstances sufficient to avoid application of the open-and-obvious doctrine.
 {¶ 20} In summary, we find that the trial court did not err in granting summary judgment in favor of appellees. Accordingly, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
[1] Hereinafter, we refer to both Home Garden Creations, LLC, and the retail store as "Home Garden."
 PETREE, J., concurs. GREY, J., dissents. GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.